IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

LINDSEY KENT SPRINGER,

     Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

     Defendant.

Civil Action No. 3:20-CV-3088-B

### DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, AND MEMORANDUM IN SUPPORT THEREOF

Defendant, the United States, moves to dismiss Plaintiff Lindsey Kent Springer's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because Springer's sole avenue for relief against the United States for the alleged work-related injury cited in his complaint is the Inmate Compensation Act.  Further, the United States seeks dismissal pursuant to Federal Rule of Civil Procedure12(b)(6) because Springer failed to timely file suit.  In support of the above, the United States would show the Court as follows:

### BACKGROUND

Springer was formerly incarcerated at FMC FCI-Seagoville.  (ECF No. 3 (hereinafter "Complaint") at 5).  Springer alleges that on or around July 1, 2016, he began working in and around several storage rooms located within the commissary warehouse at the institution.  (*Id*. at 6).  Springer's job duties included repairing items and cleaning in and around two storage rooms which he alleges were soiled with a dusty, dry black

material.  (*Id*. at 7).  Springer alleges that during this course of his employment at the warehouse, he began to experience "upper respiratory breathing issues," to include excessive nose bleeding.  (*Id*. at 8).

In September of 2017, executive staff members, including Defendants Ernesto Rozales and Mark Christian, were notified about the conditions in the storage rooms. (Complaint at 10).  After a visit by the staff, Christian allegedly decided to test the black substances in the storage rooms and the test determined that it was mildew only.  (*Id*. at 10-11).[1]  Christian had inmates remove all property from the storage rooms and then undertook efforts to clean the space.  (*Id*. at 11).  Allegedly, when Christian's efforts to clean the storage rooms failed, new doors was ordered and installed to allow for greater air circulation.  (*Id*. at 11-12).  The measures were insufficient, and a strong odor, dust and "black substances" persisted.  (*Id*. at 12).

Both Christian and Rosalez left FCI-Seagoville in July of 2018.  (*Id*. at 12).  In September of 2018, the new Safety Administrator, C. Rees, viewed the ceiling tiles in the storage rooms and decided to test the substances.  (Complaint at 13).  An outside company was called in, and the storage rooms were sealed.  Bulk material samples revealed the presence of asbestos.  (*Id*.).[2]

---

[1] The warehouse in question was built in the late 1930s.  (Complaint at 5).  The United States is "required to presume its buildings constructed prior to 1980 were constructed with and using Asbestos Containing Material," but Christian apparently did not test for the presence of asbestos.  (*Id*. (citing 29 CFR 1910.1001 (a)(b) and (j)(2))).

[2] The United States disputes the nature of the asbestos found in the storage room, e.g., friable as opposed to non-friable, and disputes that Springer was actually exposed to the asbestos insofar as the asbestos found was non-friable and thus not airborne.  This disputed fact is not material to the resolution of the instant motion.

Springer submitted an administrative tort claim to the BOP on November 23, 2019.  (Complaint at Page ID 74-79).  By letter dated December 10, 2019, Springer's claim was denied.  (*Id*. at 82-83).  The denial letter explained that because Springer's claims were work-related, they were not compensable under the Federal Tort Claims Act (FTCA).  (*Id*. at 83).  Rather, pursuant to 18 U.S.C. 4126, inmates who sustain work-related injuries are covered exclusively by the Inmate Accident Compensation system. (*Id*.).  Assistance pursuing such a claim was offered.  (*Id*.).  Ten months after his claim was denied, Springer filed the instant suit.  (*See* Complaint).

## ARGUMENT

### A.      This Court lacks jurisdiction.

"A plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity.  The United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction."  *In re FEMA Trailer Formaldehyde Prod. Liab. Litig*., 668 F.3d 281, 287 (5th Cir. 2012).  The Federal Tort Claims Act, 28 U.S.C. § 1346(b) (FTCA), is a partial waiver of sovereign immunity.  The FTCA is recognized as providing a waiver of sovereign immunity, and pursuant thereto, the United States to be liable in the same manner and to the same extent as a private individual under like circumstances."  Nevertheless, the United States has not consented to all suits and the FTCA contains certain exceptions and limitations.

One limitation to the FTCA's waiver of immunity for tort claims is that the FTCA does not apply when a plaintiff is already covered by a comprehensive federal compensation statute.  *United States v. Demko*, 385 U.S. 149 (1966).  Relevant here, the

Inmate Accident Compensation Act (IACA) is just such a scheme. The IACA, codified at 18 U.S.C. § 4126 et seq., authorizes the Federal Prison Industries to compensate inmates "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). Under the regulations promulgated pursuant to the IACA, compensation is available to inmates who suffer work-related injuries and takes two forms—compensation for physical impairment or death and compensation for lost-time wages. *See* 28 C.F.R. § 301.101. A "work-related" injury is defined as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." *See* 28 C.F.R. § 301.102. The Supreme Court has explained that IACA and its corresponding regulations are a "comprehensive system to award payments for injuries." *Demko*, 385 U.S. at 151.

Here, there is no dispute in this case that the exposure about which Springer complains occurred in the performance of his work in and around the storage rooms at issue. (*See generally* Complaint). Because "there is a compensation statute that reasonably and fairly covers a particular group of workers"—here, inmates at work— IACA "is the exclusive remedy to protect that group." *Demko*, 385 U.S. at 152. That means an inmate covered by IACA may not turn to the FTCA for relief. *Id*. Springer is just such an inmate. "Because the IACA is the exclusive remedy for a prisoner's work-related injuries, the FTCA does not apply and the Court lacks [subject matter] jurisdiction over [the] claim." *Thomas v. Joslin*, C.A. No. C-11-131, 2011 WL 3875340 at *3 (S.D. Tex. Aug. 31, 2011).

**B.**     **Springer's complaint is subject to dismissal under Rule 12(b)(6) because he failed to timely file his federal lawsuit.**

As set forth above, the FTCA does not provide a remedy for Springer because the injury about which he complains was work-related.  However, even if the claim were not precluded, as it is, Springer may not pursue that claim in this Court because he failed to timely file his lawsuit.

As a prerequisite to filing an FTCA action, a claimant must present an administrative claim to the appropriate federal agency within two years of when the alleged claim accrued.  28 U.S.C. §§ 2401(b), 2675(a).  A federal lawsuit can only be instituted once an administrative claim is denied, either actually or constructively by the agency's failure to act upon the claim within six months.  28 U.S.C. § 2675(a).  Once an agency has issued a denial of an administrative claim, the claimant must file an action in federal district court within six months after the agency mails its final denial of the claim to satisfy the FTCA's statute of limitation requirement.  28 U.S.C. § 2401(b); *see also United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015).  "To state a plausible claim for relief under the FTCA, a plaintiff must allege that his action began 'within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.'"  *Johnson v. United States*, No. 4:18-CV-614-A, 2019 WL 339242, at *2 (citing 28 U.S.C. § 2401(b); *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987)).  "The six month limitation period begins the day after the denial notice is sent and ends the day before the same calendar date six months later."  *Id.* (quoting *Scott v. U.S. Veterans' Admin.*, 929 F.2d 146, 146-47 (5th

Cir. 1991)).

Here, Springer failed to commence this litigation within six months of the BOP's denial of that administrative claim. The BOP's denial of Springer's administrative claim was dated December 10, 2019. (*See* Complaint at PageID 82). He was therefore required to file his federal complaint within six months of that date, i.e., on or before June 10, 2020. *See Johnson*, 2019 WL 339242, at *2 (citing *Scott*, 929 F.2d at 146-47). Herndon did not sign the complaint until October 6, 2020, and it was not filed until October 9, 2020. (*See* Dkt. 3.) Thus, Springer failed to timely file suit and this action should be dismissed at time-barred under Rule 12(b)(6).

## CONCLUSION

This Court lacks jurisdiction over Springer's FTCA claim because the United States as not waived it immunity for such a claim. Additionally, Springer failed to timely file his federal complaint, which is a prerequisite to obtaining relief under the FTCA. For these reasons, the United States seeks dismissal of Springer's FTCA claim in its entirety.

Respectfully submitted,

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

s/ Tami C. Parker
Tami C. Parker
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit # 4
Fort Worth, TX 76102-6882
Texas Bar No. 24003946
Telephone:  817-252-5200
Facsimile:   817-252-5458
E-mail:  tami.parker@usdoj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

On March 15, 2021, I electronically submitted the foregoing document with the
clerk of the court for the U.S. District Court, Northern District of Texas, using the
electronic case filing system of the court.  I hereby certify that I have served all parties
electronically or by another manner authorized by Federal Rule of Civil Procedure
5(b)(2).

s/ Tami C. Parker
Tami C. Parker
Assistant United States Attorney