UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDSEY KENT SPRINGER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:20-CV-3088-B (BH) |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Lindsey Kent Springer (Plaintiff) claims that he was exposed to asbestos and mold while working in a warehouse at the Federal Correctional institution in Seagoville, Texas (FCI-Seagoville), where he was incarcerated. Doc. No. 3 at 1. Plaintiff filed this suit alleging that this exposure, and the Defendants' subsequent response to the same, violated his rights under the Eighth Amendment to the Constitution; the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671-2680; and the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* He sues the United States; the Bureau of Prisons (BOP); Mark Christian, the former acting environmental and safety compliance administrator of FCI-Seagoville; and the former assistant warden of FCI-Seagoville, Ernesto Rosales for monetary and injunctive relief. Doc. No. 3 at 1, 3-4.

On March 15, 2021, the United States filed 12(b)(1) and 12(b)(6) motions to dismiss, the BOP filed a 12(b)(1) motion to dismiss, and the individual defendants filed a 12(b)(6) motion to dismiss. Doc. Nos. 12, 13, 14.

On August 24, 2021, the Magistrate Judge issued findings, conclusions, and a recommendation (FCR), recommending that Plaintiff's FTCA and FOIA claims be dismissed for lack

1

of subject matter jurisdiction and that Plaintiff's Eighth Amendment *Bivens* claims be dismissed for failure to state a claim. *See* Doc. No. 31 at 1.

Plaintiff filed objections to the FCR. Doc. No. 32. Defendants filed a response. Doc. No. 33. And Plaintiff filed a reply to the Defendants' response. Doc. No. 34. Upon *de novo* review in compliance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are **ACCEPTED** as the Findings and Conclusions of the Court. The Court addresses Plaintiff's specific objections below, incorporating by reference the Magistrate Judge's summary of Plaintiff's allegations. *See* Doc. No. 31 at 2-11.

1. **The Inmate Accident Compensation Act (IACA), 18 U.S.C. § 4126 bars Plaintiff's FTCA claim.**

The Magistrate Judge found that the IACA covered Plaintiff's allegations, removing his claims from the scope of the FTCA and the United States' corresponding waiver of sovereign immunity. *See United States v. Demko*, 385 U.S. 149, 152 (1966) (finding the FTCA inapplicable when the plaintiff's claims are encompassed by a comprehensive workers' compensation scheme like the IACA); *see also Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983) ("The basic rule of sovereign immunity is that the United States cannot be sued at all without the consent of Congress."). The IACA authorizes the Federal Prison Industries to compensate inmates "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c). The IACA also authorizes the Attorney General to issue implementing rules and regulations.  The IACA regulations "govern the payment of accident compensation, necessitated as the result of work-related injuries, to federal prison inmates or their dependents" and permit the award of compensation "for physical

2

impairments or death resultant from injuries sustained performing...institutional work assignments involving the operation or maintenance of a federal correctional facility." 28 C.F.R. § 301.101. Further, the regulations define "work-related injury," as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." *See* 28 C.F.R. § 301.102. But, "[c]ompensation shall not be paid for injuries suffered away from the work location (e.g., while the claimant is going to or leaving work, or going to or coming from lunch outside the work station or area.)" 28 C.F.R. § 301.301(c). Further, 28 C.F.R. § 301.301(d) provides that:

> "Injuries sustained by inmate workers willfully or with intent to injure someone else, or injuries suffered in any activity not related to the actual performance of the work assignment are not compensable, and no claim for compensation for such injuries will be approved. Willful violation of rules and regulations may result in denial of compensation for any resulting injury."

Plaintiff argues that these latter two exceptions apply to remove his asbestos-and-mold-exposure claims from the IACA. He claims that he "trafficked" friable asbestos from the Warehouse to other locations in the prison such that some, if not most, of his asbestos exposure was suffered away from the work location. Plaintiff also claims that products were distributed throughout the prison covered in mold and asbestos. S*ee* Doc. No. 32 at 8, 14 ("Though Springer worked at the warehouse from 7:30 to 3:30, this left 16 hours a day Monday through Friday, and all weekend long, that Springer was exposed to friable asbestos and mold outside of the Warehouse.").

The Court agrees with the Magistrate Judge, however, that Plaintiff's asbestos and mold exposure is a "work-related" injury for purposes of the IACA because it was "proximately caused by the actual performance of the inmate's work assignment." While the specific jurisprudence interpreting proximate cause in the context of the IACA is sparse, the IACA is patterned upon

3

workers' compensation schemes throughout the country. *See Baynes v. United States*, 302 F. App'x 334, 335 (10th Cir. 2008. And generally, in workers' compensation law "if a claimant's employment is a substantial factor in the claimant's injury, then that employment is deemed to be a proximate cause of the injury." *Sapko v. State*, 305 Conn. 360, 368, n.6, 44 A.3d 827 (Conn. 2012).

> "The substantial-factor test is more permissive than the 'but-for' test applied in cases involving only a single possible cause. The but-for test asks whether an injury would have occurred 'in a hypothetical world absent the defendant's alleged negligence.' The substantial-factor test, by contrast, can be satisfied even if the defendant's negligence is one of several factors that contributed to the injury, and even if the injury would have happened without it."

*Stephens v. Union Pacific Railroad Co.*, 935 F.3d 852, 855 (9th Cir. 2019) (applying Idaho law) (internal citations omitted).

Undoubtedly, and by Plaintiff's own allegations, his prison employment was *a* "substantial factor" in his alleged asbestos and mold exposure. For example, he alleges that:

- "…Plaintiff, along with other Federal Prisoners, dismantled Storage 1's shelf system, and Plaintiff alone totally cleaned all foreign substances covering the entire shelf system, resulting in the other Federal Prisoners' reassembling the shelf system inside the Laundry Department. The substances covering the entire shelf system, were dusty, dry, black chunks, and black smaller substances."

- "At this point [June 2017], Plaintiff was unaware that Storage 1had an excessive mold problem nor that the substances Plaintiff was handling on an almost daily basis was Cancer Causing Asbestos."

- "By on or about September 1, 2017, Mr. Freeman emails Executive Staff and Environmental and Safety Compliance Administrator Mark Christian about the continued falling substances in both Storage 1 and 2 for which Plaintiff was constantly having to clean off of all BOP property belonging to FCI Seagoville, the floors, as well as regarding the very strong odor present inside both rooms."

- "<u>Continuing from December 15, 2017, through September 15, 2018, Plaintiff continued to utilize and frequent both Storage 1 and 2, as a</u>

4

injuries occurring away from the work location. But courts generally treat asbestos exposure and resulting ailments as an indivisible injury. *See McMann v. Air & Liquid Systems Corp.*, No. C14-5429 BHS, 2014 WL 6809246, at *4 (W.D. Wash. Dec. 2, 2014) (citing *Bath Iron Works Corp. v. Director, OWCP*, 506 U.S. 153 (1993)). Here, that means there was one injury. Because, as discussed, this injury was proximately caused, at least in part, by and during Plaintiff's performance of his employment duties, it is not an injury that occurred "away from the work location."

Further, as at least one appellate court has recognized, 28 C.F.R. § 301.301(c) is the IACA's codification of the "coming and going" rule, ubiquitous in workers' compensation schemes. *See Baynes*, 302 F. App'x. at 335 (10th Cir. 2008) (citing *Demko*, 385 U.S. at 152 for the proposition that the IACA is patterned upon "compensation laws all over the country"). Generally, that rule provides that travel between home and work is considered a personal activity since the employee typically performs services which benefit the employer only after his or her arrival at the place of employment; therefore, injuries occurring off the work premises during such travel are generally not compensable. *See, e.g., Sokolowski v. Best Western Golden Lion Hotel*, 813 P.2d 286 (Alaska 1991); *Rox Coal Co. v. W.C.A.B. (Snizaski)*, 768 A.2d 384 (Pa. Cmwlth. 2001) (explaining that, generally, an injury sustained by the employee traveling to or from his place of work does not occur in the course of employment). Here, at most, Plaintiff alleges that his injury was suffered partially at the work location and partially outside of it. This is not the type of injury encompassed by the going and coming rule, which, is, again, what 28 C.F.R. § 301.301(c) is designed to emulate.

For all of these reasons, Plaintiff's objections (3, 9, and 11) to the Magistrate Judge's finding that the IACA bars his FTCA claim against the United States are **OVERRULED,** and his FTCA claim is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction**.**

### 2.     Plaintiff's FOIA claim is moot.

Plaintiff's complaint challenged only the timing of the BOP's response to his FOIA records request. And because the BOP subsequently responded to the records request, the Magistrate Judge agreed with the BOP that Plaintiff's claims were mooted. *See* Doc. No. 31 at 18-19. Plaintiff contests that conclusion, arguing that, because he administratively challenged the adequacy of the BOP's response (though after he filed his complaint) a live controversy remains.

The Court disagrees. As noted in the FCR, "[i]n evaluating exhaustion, the Fifth Circuit distinguishes between FOIA claims based on the timeliness of the response and those based on the adequacy of the response." *Matthews v. Executive Office for United States Attorneys*, Case No. 1:20-CV-370-RP-SH, 2021 WL 2910634, at *4 (W.D. Tex. May 10, 2021) (citing *Voinche v.FBI*, 999 F.2d 962, 963 (5th Cir. 1993)). Thus, an intervening response moots a timeliness challenge. *See Velasquez v. Nielson*, 754 F. App'x 256, 262 (5th Cir. 2018). Plaintiff made no adequacy challenge in his complaint. Even if he did, any adequacy challenge would be dismissed for failure to exhaust prior to filing suit. *See Calhoun v. FBI*, 546 F. App'x 487, 490 (5th Cir. 2013) (concluding that agency's production after filing of FOIA suit mooted plaintiff's claims seeking document and that district court properly dismissed any claim challenging the substance of the released documents for failure to exhaust) (citing *Voinche*, 999 F.2d at 963).

This is settled law, and Plaintiff's arguments to the contrary are not persuasive. He argues that *Voinche* allows a FOIA timeliness claim to proceed, even when the agency responds, if the litigant challenges the adequacy of the FBI's response administratively—which, Plaintiff has admittedly done. *Id.* He points to the following sentence in that opinion for support, in which, like here, the plaintiff's timing challenge was mooted by an intervening response: "Although Voinche

7

exhausted his administrative remedies pursuant to § 552(a)(6) in order to challenge the tardiness of the FBI's response, he has not challenged the adequacy of the FBI's response administratively." *Voinche*, 999 F.2d at 963. To Plaintiff, this sentence means that his FOIA claim is not moot because he *has* subsequently challenged the BOP's response administratively. But Plaintiff asks too much of this sentence. Nothing in the *Voinche* opinion purports to undermine the well-established principle that FOIA claims must be administratively exhausted prior to filing suit. *See Calhoun*, 546 F. App'x at 490. Plaintiff failed to do this, so any adequacy claims are subject to dismissal for failure to exhaust administrative remedies.

None of Plaintiff's other arguments on this front are persuasive, either. Plaintiff provides no support—statutory or jurisprudential—for his argument that the BOP did not respond to this request at all because it withheld a significant portion of the records it deemed responsive.

Plaintiff also argues that FOIA forbids a party from filing a motion to dismiss in response to a complaint for judicial review of an agency's FOIA response or lack thereof. He points to 5 U.S.C. § 552(a)(4)(C) of FOIA, which reads:

> Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown.

Plaintiff claims that a motion to dismiss is neither an answer or "other pleading," as the Federal Rules of Civil Procedure distinguish motions as separate from answers and pleadings. Courts, however, have rejected this argument, and this Court follows suit. *See Robinson v. Drug Enforcement Agency*, Civil No. 1:15cv251-HSO-JCG, 2016 WL 1448858, at *2 (S.D. Miss. Apr. 12, 2016) (citing

8

*Chivilas v. Securities and Exchange Commission*, 673 F.2d 1205, 1209 (11th Cir. 1982); 5 U.S.C. § 552(a)(4)C; *Weber v. Coney*, 642 F.2d 91, 94 (5th Cir. Unit. A Mar. 1981) (per curiam)).

And finally, the Magistrate Judge did not err in rejecting Plaintiff's argument that the Deputy Regional Counsel of the BOP lacked the authority to respond to his FOIA claim because she has not been constitutionally-appointed pursuant to the Appointments Clause. As noted in the FCR, Plaintiff cites no authority for this argument, and the Court has been unable to locate any.

In sum, Plaintiff's objections related to his FOIA claim (objections 12, 13, 14, and 15) are **OVERRULED,** and his FOIA claim is **DISMISSED WITHOUT PREJUDICE** as moot.

### 3. The Magistrate Judge correctly found that Plaintiff fails to state a claim under *Bivens*

Plaintiff asserts a *Bivens* claim against the individual defendants premised upon deliberate indifferent manifested by a failure to protect him from asbestos exposure. The Magistrate Judge determined that this type of *Bivens* claims is not cognizable after *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017) because it arises in a "new context" and "special factors" preclude extending *Bivens* to this "new context." *See* Doc. No. 31 at 27-32; *see also Maria S. as Next Friend for E.H.F. v. Garza*, 912 F.3d 778, 784 (5th Cir. 2019). Plaintiff objects to that finding.

First, as he did in response to the motion to dismiss, Plaintiff tries to liken this case to *Carlson v. Green*, 446 U.S. 14 (1980), which involved deliberate indifference, but in the context of an inadequate-medical-treatment claim. Plaintiff points to an allegation in his complaint in which he asserts that the prison doctor failed to communicate to him what, if any, treatment was recommended for his asbestos exposure. *See* Doc. No. 32 at 27 (citing Doc. No. 31 at 8). This allegation, though, was not the focal point of his complaint. Plaintiff's complaint includes two

9

sections devoted to his *Bivens* claims (one for each individual defendant), and neither makes *any* mention of inadequate medical treatment. *See* Doc. No. 3 at 21-26. His *Bivens* claims are clearly predicated on asbestos exposure, and not the failure to treat the same. As the Magistrate Judge noted, this is also evidenced by Plaintiff's failure to sue any medical professional.

Next, Plaintiff tries to liken his case to *Taylor v. Riojas*, —U.S.—, 141 S.Ct. 52, 208 L.Ed.2 164 (2020) (per curiam), a 42 U.S.C. § 1983 suit in which the Supreme Court vacated a grant of qualified immunity. But *Taylor* is inapposite; it did not address the applicability of *Bivens*. And while Plaintiff expresses frustration that his claims against the individual defendants could fall outside of *Bivens* and the responsible actors could escape liability, this argument is best addressed to the legislature.

Plaintiff also takes issue with the characterization of the BOP's Administrative Remedy Program as an alternative remedial process for purposes of the *Bivens* special-factors analysis. But, as the Magistrate Judge stated, many courts have found this program to be a special factor foreclosing expansion of the *Bivens* remedy. *See* Doc. 31 at 32 (collecting cases). The Court finds this line of cases persuasive and agrees that the BOP's Administrative Remedy Program is special factor counseling hesitation of *Bivens* to the new context that Plaintiff's claim presents.

And finally, Plaintiff argues that the Magistrate judge's deliberate indifference analysis—an alternative ground for dismissing the *Bivens* claims—was flawed because the Magistrate Judge misunderstood a crucial allegation related to whether the individual defendants conducted asbestos and mold testing in the warehouses. Plaintiff alleged in his complaint that Defendant Christian, "decided to test the black substance in both rooms and determined that, on or about October 20, 2017, the substance falling in both Storage 1 and 2 was mildew only." *See* Doc. No. 3 at 11. The

Magistrate Judge took that to mean that Defendant Christian tested the pertinent areas, but found only mildew. This was, she concluded, pertinent to the deliberate indifference analysis because it showed a lack of subjective awareness of the risk. Now, Plaintiff argues that he did not allege that Defendant Christian *actually* conducted the test, only that he "decided" to do so.

Even under the most liberal construction of Plaintiff's complaint, however, this argument is a stretch. The allegation clearly implies that Defendant Christian conducted the pertinent testing and found only mildew. That is the clear import of the language Plaintiff himself used, and the Magistrate Judge did not err in reading it that way. Regardless, Plaintiff does not explain how his interpretation of the allegations alters the deliberate indifference analysis. If Plaintiff alleged that Defendant Christian said he would conduct testing, but never did so, this would indicate a subjective knowledge of the risk no more than if, (as Plaintiff actually alleged) Defendant Christian conducted the testing but found only mildew.

In sum, the Magistrate Judge correctly found that Plaintiff failed to state a claim against the individual defendants, and his objections related to that conclusion (objections 6, 17, 18, 19, and 20) are **OVERRULED** and Plaintiff's *Bivens* claims are **DISMISSED WITH PREJUDICE**.

### 4. Plaintiff's other objections are meritless.

Plaintiff also presents a series of less substantive objections.

He claims that Standing Order 3-251 did not allow a referral to the Magistrate Judge in this case. Plaintiff misinterprets the standing order. At the time he filed the complaint, Plaintiff was a federal prisoner, and the standing order allows referral in prisoner cases. Even if it did not, the undersigned has conducted a *de novo* review of this case. Plaintiff's objection 1 is **OVERRULED**.

11

Plaintiff next claims that the Magistrate Judge erred in addressing the United States' motion to dismiss, because the United States' motion to dismiss mistakenly referred to Plaintiff's complaint as an amended complaint. Plaintiff's objection 2 is frivolous and is **OVERRULED**.

In his fourth objection, Plaintiff "objects to the Magistrate Judge making a finding of fact as to "where [Plaintiff] was breathing in asbestos and mold." The Magistrate Judge made no such finding of fact; Plaintiff's allegations of fact were taken as true in accordance with the Federal Rules of Civil Procedure. Plaintiff's objection 4 is **OVERRULED**.

In his fifth objection, Plaintiff complains that the Magistrate Judge incorrectly stated that all of Plaintiff's claims were under the Eighth Amendment. This objection is frivolous. The Magistrate Judge said that Plaintiff alleged that the asbestos and mold exposure "violated his rights under the Eighth Amendment to the Constitution, the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671-2680; and the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*." Doc. No. 31 at 1-2. Plaintiff's objection 5 is **OVERRULED**.

In his seventh objection, Plaintiff complains that the Magistrate Judge incorrectly stated that the new safety administrator, Mr. Rees, tested the substance falling from the ceiling, when in fact, Mr. Rees hired a company hired a company to perform that testing. Plaintiff does not explain the relevance of this objection; it is frivolous. Plaintiff's objection 7 is **OVERRULED**.

The substance of Plaintiff's eighth and tenth objections is unclear. By his eighth objection, Plaintiff seems to take issue with the Magistrate Judge's resolution of his FOIA claim. His substantive arguments related to that issue are addressed above and in the FCR. Plaintiff's objection 8 is **OVERRULED**. By his tenth objection, Plaintiff insinuates that the Magistrate Judge did not understand that he asserts claims under both *Bivens* and the FTCA. This objection is, again,

12

frivolous. The Magistrate Judge addressed each of Plaintiff's causes of action, including his FTCA claim. Plaintiff's tenth objection is **OVERRULED.**

Next, by his sixteenth objection, Plaintiff objects that the Magistrate Judge stated, when describing Plaintiff's complaint, that "Plaintiff submitted a prisoner civil right's complaint, with another operative complaint and other documents attached as exhibits." Doc. No. 31 at 24. The Magistrate Judge appears to have been referencing the fact that Plaintiff filed this Court's standard civil rights complaint form, but then attached additional pages with his substantive allegations. Regardless, Plaintiff does not explain the relevance of this objection. Clearly, the Magistrate Judge undertook an exhaustive examination of Plaintiffs's complaint, as has the Court here. Plaintiff's sixteenth objection is frivolous and is **OVERRULED**.

And finally, Plaintiff claims the Magistrate Judge erred in recommending that leave to amend be denied. The Court, again, disagrees. As the Magistrate Judge found, leave to amend is not warranted because Plaintiff's claims are fatally infirm and granting leave to amend would be futile and cause needless delay. Plaintiff's twenty-first objection is **OVERRULED**.

### 4. Conclusion

For all of these reasons set forth herein, after a *de novo* review in compliance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are **ACCEPTED** as the Findings and Conclusions of the Court. By separate judgment, Plaintiff's complaint will be dismissed.

SIGNED this 19th day of October, 2021

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE